Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 253 | **DATE** | 5/15/2002 |
| **CASE TITLE** | Conway vs. Pinnacle Realty Management Co | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. Plaintiff fails to appear. **ENTER MEMORANDUM OPINION:** We grant Pinnacle's motion (Doc 9-1) to dismiss the portions of the complaint relating to race discrimination, color discrimination, and failure to promote as well as the claims rooted in 42 U.S.C. § 1983 and strike the document Conway filed on March 19, 2002. (Motion (Doc 18-1) to strike is granted). Defendant's oral motion to dismiss all remaining claims for want of prosecution is granted without prejudice to plaintiff seeking leave to prosecute within 30 days. So ordered.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAY 16 2002 date docketed | |
| ✓ | Docketing to mail notices. | | 20 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | SCT courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


DOCKETED
MAY 1 6 2002

| | |
|---|---|
| SUNDIATA CONWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 02 C 253 |
| ) | |
| PINNACLE REALTY MANAGMENT ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on a motion to dismiss and a motion to strike by Defendant Pinnacle Realty Management Company ("Pinnacle"). For the reasons set forth below, the motions are granted.

### BACKGROUND

Plaintiff Sundiata Conway ("Conway"), an Illinois resident, is a former Pinnacle employee. His complaint alleges that on or about June 27, 2001, Pinnacle began to discriminate against him on the basis of his color, race, and sex. According to Conway, Pinnacle failed to promote him and terminated his employ based on these unlawful grounds.

Conway has filed three EEOC charges of discrimination by Pinnacle on June 27, 2001; August 2, 2001; and August 22, 2001. The EEOC issued right-to-sue letters for



these charges on August 16, 2001; December 18, 2001; and December 18, 2001, respectively. The complaint alleges that he did not receive notice of his right to sue until January 2, 2002. Conway filed the instant suit on January 10, 2002.

Pinnacle has answered certain portions of the complaint and now moves to dismiss the remainder of the claims, arguing that Conway has failed to state a claim upon which relief can be granted.

## LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. Triad Associates, Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993).

The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992). With these principles in mind, we turn to Pinnacle's motion.

## DISCUSSION

Pinnacle first attacks the viability of Conway's claims of discrimination predicated on his color and race. They argue that because sex was the sole basis of discrimination Conway cited in the EEOC charges, he can assert that ground and no other in his complaint. As a general rule, a plaintiff seeking relief under Title VII is required to pursue a resolution through administrative avenues before filing suit in federal court. Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994). Thus, a claim not included in an EEOC charge cannot form the foundation of a subsequent Title VII action. Gawley v. Indiana Univ., 276 F.3d 301, 313-14 (7th Cir. 2001). An exception exists for claims that are "reasonably related" to the basis cited in the EEOC charge, but that exception does not apply to the circumstances of this case. Vela v. Village of Sauk Village, 218 F.3d 661, 664 (7th Cir. 2000). Accordingly, Conway is restricted to bringing suit only for the discrimination he reported in his charges, namely discrimination on the basis of his sex.[1]

Just as allegations of a particular kind of discrimination must be mentioned in an EEOC charge before it can be included in a later Title VII suit, so too must the EEOC charge mention the types of conduct alleged in the complaint in order for those

---

[1] Pinnacle also moves to dismiss any claim that Conway has based on his sexual orientation, as Title VII does not prohibit discrimination on that ground. Schroeder v. Hamilton Sch. Dist., 282 F.3d 946, 951 (7th Cir. 2002). Although this is an accurate statement of current law, none of Conway's submissions indicate that he makes such an allegation, so Pinnacle's argument is unnecessary.

activities to be fair game for a federal suit. See, e.g., Gawley, 276 F.3d at 313; Harper v. Godfrey Co., 45 F.3d 143, 148 (7th Cir. 1995). In this case, Conway's EEOC charges made no mention that Pinnacle failed to promote him because of impermissible motives and the two types of conduct are unrelated. Harper, 45 F.3d at 148. Accordingly, Conway may not assert failure to promote in his complaint.

Conway also seeks relief under 42 U.S.C. § 1983. That statute prohibits violations of federal rights under color of state law, which means that the violation must be done by a state actor. See American Manufacturers Mutual Ins. Co. v. Sullivan, 119 S.Ct. 977, 985 (1999). As Pinnacle correctly points out, there is no color of state law here. Pinnacle is a private entity, not a branch of government. Consequently, § 1983 is inapplicable and Conway's claims based on that statute are dismissed.

Pinnacle's final argument in favor of dismissal asserts that any claims arising from the June 2 EEOC charge should be dismissed because they were not timely filed. A party must file a Title VII claim within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); Threadgill v. Moore U.S.A., Inc., 269 F.3d 848 (7th Cir. 2001). The 90-day period does not begin to run until the plaintiff receives actual notice of the right to sue unless the plaintiff's failure to receive notice is the result of his or her own fault. Howard v. Sidley & Austin, 185 F.3d 837, 839 (7th Cir. 1999). Here, Conway's complaint states that he received his right-to-sue letters on January 2, 2002. Although we acknowledge that it is highly unlikely that Conway did not receive a letter mailed in early August until the following January, for the purposes of a motion

to dismiss we must accept the well-pleaded facts of the complaint as true. DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000). At this stage of the game, we must take Conway at his word, and Pinnacle has not argued that the 4-month delay resulted from any fault on Conway's part. Conway's complaint, filed on January 10, was submitted well within 90 days from his alleged receipt of notice to sue. Thus, we decline to dismiss any portion of the complaint as untimely at this stage of the litigation.

Finally, we consider Pinnacle's motion to strike the document Conway filed on March 19, 2002, which he styled as an amended complaint. As Pinnacle correctly notes, Conway's submission is not an amended complaint but merely an addendum to the original. Conway was specifically instructed that such a submission would not be sufficient, and we will not tack on additional claims as afterthoughts and call the resulting hodgepodge an amended complaint. Pinnacle's motion to strike Conway's March 19 filing is therefore granted.

## CONCLUSION

Based on the foregoing analysis, we grant Pinnacle's motion to dismiss the portions of the complaint relating to race discrimination, color discrimination, and failure to promote as well as the claims rooted in 42 U.S.C. § 1983 and strike the document Conway filed on March 19, 2002.

Charles P. Kocoras
United States District Judge

Dated: May 15, 2002